UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL D. ROBINSON, | ) |
| Plaintiff, | ) No. 1:16-cv-00095 |
| | ) Senior Judge Haynes |
| v. | ) |
| SEAN BRANTLEY, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM

Plaintiff, Michael D. Robinson, an inmate at South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against Defendants: Sean Brantley, Kelly Garska, Corrections Corporation of America ("CCA"), Warden Cherry Lindamood, and Jason Woodall for alleged violations of Plaintiff's civil rights. (Docket Entry No. 1). Plaintiff seeks compensatory and punitive damages, reprimands of the Defendants, letters of apology, and termination of the Warden and Defendants Brantley and Garska. *Id.* at 20-22.

According to his complaint, on June 22, 2016, Defendant Sean Brantley, an SCCF corrections officer, physically assaulted Plaintiff by throwing Plaintiff, who was handcuffed, against a wall outside of Plaintiff's cell and then shoving Plaintiff onto the floor of Plaintiff's cell, causing Plaintiff's elbow and wrist to bleed. (Docket Entry No. 1 at 7, 9-10). Plaintiff also alleges that the assault exacerbated a pre-existing injury to his stomach from a stabbing and that as a result he suffered "such great pain, [he] had to [lie] in bed the remainder of the next 2 days." *Id.* at 7, 10. Plaintiff alleges that Defendant corrections officer Kelly Garska slammed the cell door in his face and denied Plaintiff any medical attention for his pain and injuries for two days following the assault. *Id.* at 7, 9-10, 13-14.

Plaintiff further alleges that Defendants Lindamood, CCA, and Woodall failed to respond to Plaintiff's grievances or in the way Plaintiff desired. *Id.* at 8.

Plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under the PLRA, courts are required to screen complaints filed by prisoners and dismiss those complaints that are frivolous, malicious, or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a claim under § 1983, a plaintiff must allege plausible facts of a deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

Plaintiff's claims against CCA, Lindamood and Woodall are premised on Defendants' response, or lack of response, to Plaintiff's grievances and/or complaints. A plaintiff cannot base a § 1983 claim on allegations that an institution's grievance procedure was inadequate and/or unresponsive because there is not an inherent constitutional right to an effective jail grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." Alder v. Corr. Med. Servs., 73 F. App'x 839, 841 (6th Cir. 2003); Lee v. Mich. Parole Bd., 104 F. App'x 490, 493 (6th Cir.2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); Simpson v. Overton, 79 F. App'x 117, 120 (6th Cir.2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, Plaintiff's claims based on any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted. These claims against CCA, Lindamood and Woodall should be dismissed.

As to Plaintiff's claim for denial of medical care, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take

3

reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(collecting cases); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). Thus, the Court concludes that Plaintiff's complaint states a colorable Eighth Amendment claim based on the allegation that Defendant Garska refused to permit any medical treatment for Plaintiff's pain and injuries he allegedly sustained as a result of the June 22, 2016 incident. 28 U.S.C. § 1915A. This claim against Defendant Garska in her individual capacity shall proceed for further factual development.

From the complaint, Plaintiff appears to be a prisoner, not a pre-trial detainee, at the time of the alleged assault by Defendants Brantley and Garska. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas County, Ohio*, 799 F.3d 530, 538 (6th Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees' excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'")(quoting *Kingsley v. Hendrickson*, ___ U.S. ___, ___ 135 S. Ct. 2466, 2473 (2015)).

Under the Eighth Amendment that applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014)(quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). An Eighth Amendment excessive force claim has both a subjective and objective component. *Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010). For the subjective component to be met, the issue is "'whether force

was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Considerations relevant to this inquiry is "'the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted.'" *Williams*, 631 F.3d at 383 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Courts may also consider "such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

For the objective component, the Court considers whether the pain inflicted was "sufficiently serious." *Williams*, 631 F.3d at 383 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). For the objective component, the force must be to maliciously and sadistically cause harm regardless if significant injury is evident. *Williams*, 631 F.3d at 383 (citing *Hudson*, 503 U.S. at 9); *see also Wilkins*, 559 U.S. at 37. "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 580-81 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)).

Here, Plaintiff's factual allegations against Defendant Brantley in his individual capacity are sufficient to satisfy an Eighth Amendment excessive-force claim. Accordingly, the Court concludes that Plaintiff's complaint states a colorable Eighth Amendment excessive force claim against Defendant Brantley. 28 U.S.C. § 1915A.

Plaintiff also alleges that Defendant Garska was present for Defendant Brantley's use of force and by inference did not take any action to prevent or stop the alleged assault. To state a claim against non-supervisory personnel for failure to protect an inmate from excessive force, an inmate must allege that the defendant observed or had reason to know about the excessive force, and had the opportunity and the means to prevent the injury. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). The Court concludes that Plaintiff's allegations satisfy this standard and state a claim against Defendant Garska for failure to protect.

As to Plaintiff's claims against CCA and Defendants Brantley and Garska in their official capacities, which is in essence a suit against CCA, of which they are agents, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), Plaintiff must show that CCA's "'policy or custom' . . . played a part in the violation of federal law." *Id.* Plaintiff here has not alleged the existence of a CCA policy or custom that is causally related to his injuries. Accordingly, Plaintiff's claims against CCA and Defendants Brantley and Garska in their official capacities should be dismissed.

In sum, Plaintiff's complaint fails to state any claims under 42 U.S.C. § 1983 against Defendants CCA, Lindamood and Woodall. 28 U.S.C. § 1915A. As to Defendants Brantley and Garska, the Court concludes that Plaintiff states viable claims Eighth Amendment claims against these Defendants.

An appropriate Order is filed herewith.

ENTERED this the 19th day of December, 2016.

William J. Haynes, Jr.
Senior United States District Judge