IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MICHAEL D. ROBINSON )
)
v. ) NO: 1:16-0095
)
SEAN BRANTLEY, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered December 20, 2016 (Docket Entry No. 6), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Michael Robinson ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Northeast Correctional Complex in Mountain City, Tennessee. He brought this lawsuit seeking relief under 42 U.S.C. § 1983 based on events that occurred at the South Central Correctional Center ("SCCC") in Clifton, Tennessee. Pursuant to the initial screening of the complaint, Plaintiff was found to have alleged arguable claims that two defendants violated his Eighth Amendment rights. Process has not yet been served upon Defendants.

Presently pending is Plaintiff's motion for preliminary injunctive relief. *See* Docket Entry No. 10. Plaintiff alleges that he suffers from mental illness, as well as psychological injuries because of the alleged Eighth Amendment violations, and requests that the Court direct that he be placed in

a special needs facility. At the time he filed his motion, Plaintiff was still confined at the SCCC and asserted that his safety was at risk because he was at the same facility as Defendants. However, this is a moot issue because Plaintiff is no longer confined at the SCCC.

Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiff has not met this burden, and his motion should be denied. Plaintiff has not shown that any factors weigh in favor of his request for preliminary injunctive relief. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d. 729, 736 (6th Cir. 2000); *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 401 (6th Cir. 1997) *Parker v. U.S. Dep't of Agric.* 879 F.2d. 1362, 1367 (6th Cir. 1989); *Mason Cnty Med. Assocs. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). At this stage of the proceedings, Plaintiff's likelihood of success on his claims is no greater than that of Defendants. Plaintiff has also not shown that he will suffer irreparable harm if the injunctive relief he requests is not granted and has not shown that a public interest would be advanced by the requested relief. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Further, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the

day-to-day operations in a correctional facility and where an inmate is housed within the TDOC. Such extraordinary and urgently compelling reasons have not been shown by Plaintiff. Finally, the issue of where Plaintiff is housed within the TDOC has nothing to do with the claims at issue in this action.

## RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's motion for preliminary injunctive relief (Docket Entry No. 10) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge