IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MICHAEL D. ROBINSON )
)
v. ) NO: 1:16-0095
)
SEAN BRANTLEY, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

By Order entered December 20, 2016 (Docket Entry No. 6), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are: (1) Plaintiff's motion for summary judgment (Docket Entry Nos. 48 and 64); and, (2) Defendant Sean Brantley and Kelly Garska's motion for summary judgment (Docket Entry No. 49). For the reasons set out below, the undersigned respectfully recommends that Plaintiff's motion be denied and Defendants' motion be granted in part.

## I. BACKGROUND

Michael Robinson ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Northeast Correctional Complex in Mountain City, Tennessee. He filed this lawsuit on October 31, 2016, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the South Central Correctional Center ("SCCC")

in Clifton, Tennessee, where he was previously confined. Plaintiff asserts that, on June 22, 2016, he was being escorted from the shower area to his cell by SCCC Correctional Officers Sean Brantley ("Brantley") and Kelly Garska ("Garska") while in handcuffs and a belly-chain. He alleges that Brantley physically assaulted him by throwing him against a wall outside his cell and then shoving him into his cell from behind with such force that he slammed against the wall and fell onto the floor of his cell. *See* Complaint (Docket Entry No. 1) at 7 and 9-10. He alleges that the assault injured his elbow and wrist, caused his elbow to bleed, and exacerbated a pre-existing abdominal injury from which he suffered. *Id*. He further alleges that Garska did not intervene to stop the assault and ignored several requests by Plaintiff for medical treatment afterwards. *Id*. at 7, 9-10, and 13-14.

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff's allegations were sufficient to state arguable claims that Brantley and Garska violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Claims against other defendants named in the complaint were dismissed. *See* Docket Entry No. 6 at 2-3. Upon Defendants' filing of a joint answer (Docket Entry No. 31), a scheduling order was entered providing for a period of pretrial activity in the action. *See* Docket Entry No. 32.

## II. MOTIONS FOR SUMMARY JUDGMENT

Plaintiff seeks summary judgment in his favor on his claims. In support of his motion, he submits his own affidavit, in which he essentially sets out the same underlying allegations made in his complaint; (1) that he was unnecessarily and excessively pushed into a wall and shoved into his cell by Defendant Brantley and that this force caused him injury; (2) that Defendant Garska failed to intervene to stop Brantley; and, (3) that Defendant Garska slammed the cell door in Plaintiff's face

and ignored his requests for medical treatment immediately after the incident and during the following days. *See* Docket Entry No. 64-1. He also submits the affidavit of inmate Jimmy Mynatt, who states that he witnessed the events at issue from his cell and that he saw Defendant Brantley "jerk" and shove Plaintiff "really hard" into the wall and into his cell. *See* Affidavit of Mynatt (Docket Entry No. 64-2). Plaintiff also submits an Incident Statement created by Defendant Brantley on July 11, 2016, in response to a grievance about the incident that Plaintiff filed. *See* Docket Entry No. 64-3. In the Incident Statement, Brantley states that he and Defendant Garska escorted Plaintiff from the shower area to his cell, removed his restraints, and placed him in his cell without incident. *Id.*[1] Defendants have responded in opposition to Plaintiff's motion. *See* Docket Entry Nos. 52, 65, and 66.

Defendants likewise seek summary judgment in their own favor on the claims brought against them. Defendants argue that the two claims brought against Defendant Garska should be dismissed because Plaintiff failed to properly exhaust his administrative remedies as to either of the claims prior to filing his lawsuit. Defendants further argue that there is no evidence supporting Plaintiff's allegation that he was assaulted by Defendant Brantley and suffered a violation of his constitutional rights. In support of their motion, Defendants rely on a statement of undisputed material facts (Docket Entry No. 49-2) and on the declarations of Sean Brantley (Docket Entry No. 49-3), Kelly Garska (Docket Entry No. 49-4), SCCF Grievance Chairperson Leigh Staggs (Docket Entry No. 49-5), SCCF Unit Manager Rhonda Staggs (Docket Entry No. 49-6), and SCCF Health

---

[1] Plaintiff's initial motion for summary judgment consisted of a single, brief motion and was unsupported by any other filings. *See* Docket Entry No. 48. He subsequently filed a statement of undisputed material facts (Docket Entry No. 55) and an amended motion (Docket Entry No. 64). The Court views all of Plaintiff's filings as part of a single motion for summary judgment.

3

Services Administrator Jammie Garner (Docket Entry No. 49-7). Plaintiff has responded in opposition to the motion. *See* Docket Entry Nos. 54 and 56.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559,

4

561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. Defendant Garska

Summary judgment should be granted in favor of Defendant Garska on the claims brought against her because Plaintiff has not shown that he exhausted his available administrative remedies prior to bringing these claims in his lawsuit. Pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner bringing a claim with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendant Garska contends that it is undisputed that an inmate grievance procedure exists at the SCCF and, further, that Plaintiff actually participated in the grievance procedure by filing several grievances while at the SCCF. *See* Declaration of Leigh Staggs. Defendant Garska asserts that, although one of the grievances Plaintiff filed was a grievance filed on June 24, 2016, about the incident at issue, the grievance was directed at only the conduct of Defendant Brantley and did not include allegations that Defendant Garska either (1) failed to intervene to stop the alleged assault or (2) ignored Plaintiff's multiple requests for medical treatment. *See* Docket Entry No. 49-5 at 13-14.

In the face of the motion for summary judgment, Plaintiff must rebut Defendants' exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA with respect to his claims against Defendant Garska. *See Napier*, *supra*. He has not met this burden. Plaintiff acknowledges that the grievance he filed did not mention or include allegations concerning either Defendant Garska's alleged failure to intervene to stop the assault or her alleged failure to respond to Plaintiff's request for medical treatment. *See* Plaintiff's Response to Defendants' statement of undisputed facts (Docket Entry No. 56) at ¶¶ 94-96 and 99. Further, although Plaintiff sets out arguments impugning the thoroughness of the investigation of his grievance and the credibility of Leigh Staggs, *see* Docket Entry No. 54 at 7-9, he has not shown any basis to excuse his failure to pursue and exhaust administrative grievance remedies with respect to his claims against Defendant Garska. Plaintiff's failure to pursue administrative remedies for his claims against Defendant Garska precludes him from suing Garska in this lawsuit on those claims. *See Cook v. Caruso*, 531 Fed.App'x 554, 562 (6th Cir. 2013).

6

B. Defendant Brantley

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. § 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). However, because the Eighth Amendment does not protect against ordinary torts or claims of negligence, Plaintiff's claim requires proof of a level of objective severity and mental culpability that is necessary to implicate constitutional protections. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 1993). Accordingly, Plaintiff must show that he was subjected to an action that rises to the level of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The core judicial inquiry whenever a prison official is accused of using excessive physical force against a prison inmate in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 6-7 (quoting *Whitley*, 475 U.S. at 320-21).

Review of the parties' submissions present starkly contrasting versions of the events at issue. Plaintiff alleges that Defendant Brantley forcefully pushed him into the wall outside his cell and then pushed him from behind into his cell with such force that he slammed into the wall of his cell and fell to the floor. He alleges that he was in handcuffs and a belly-chain at the time and that Brantley's conduct was unnecessary and excessive. He further alleges that the assault by Brantley caused both his elbow and his wrists to bleed and also caused a stomach injury that he had from a recent stabbing to hurt "really bad." He finally alleges that his requests to Defendant Garska for medical attention were ignored. Plaintiff made a contemporaneous complaint about the incident by virtue of the

7

grievance he filed against Brantley. Plaintiff supports his allegations with his own affidavit and with the affidavit of a another inmate who avers that he witnessed the alleged assault by Brantley. *See* Docket Entry Nos. 64-1 and 64-2.

In contrast, Defendant Brantley denies the allegations made by Plaintiff and makes the argument that Plaintiff has provided only baseless allegations to support his claim. Defendant Brantley contends that Plaintiff was escorted to his cell on June 22, 2016, without incident, and that "[a]t no time did Defendant Brantley assault Plaintiff, shove Plaintiff, or use any type of physical force on Plaintiff other than properly utilizing the restraints during [Plaintiff's] escort." *See* Memorandum in Support (Docket Entry No. 49-1) at 14. Defendant Brantley argues that an investigation of Plaintiff's grievance about the alleged incident determined that Plaintiff had been escorted "as instructed by procedures" and that Plaintiff had not substantiated his allegations. *Id*. Defendant Brantley further argues that there are no prison generated records or documents, such as a use of force report, a TOMIS complaint or contact notes, a facility emergency anatomical form, or medical records, evidencing that the type of incident alleged by Plaintiff occurred. *Id*. at 14-15. He also points out that Plaintiff's prison medical records show that he did not make any complaints about injuries suffered on June 22, 2016, during his visits with the medical staff in July and August 2016. *See* Docket Entry No. 49-7 at 5-6. Defendant Brantley supports his contention that no incident occurred with several declarations from prison employees. *See* Docket Entry Nos. 49-3, 49-4, 49-5, 49-6, and 49-7.

There is apparently no video surveillance footage of the incident in question that would provide objective evidence upon which the Court could rely. *See* Docket Entry No. 47. Accordingly, the Court is left with two sharply contrasting versions of the events, both of which are

8

supported by admissible evidence. Clearly, factual questions exist which the Court cannot resolve in the stance of a motion for summary judgment because resolution of these questions requires a credibility determination. Thus, the issue before the Court in the context of resolving the competing motions for summary judgment is whether these factual questions rise to the level of genuine questions of material fact which if resolved in favor of Plaintiff at trial would be a sufficient basis upon which a reasonable jury could find in his favor.

The Court finds that genuine issues of material fact do exist because Plaintiff's version of the events, which must be taken as true when weighing Defendant Brantley's motion for summary judgment, provides a sufficient basis for a reasonable conclusion that Defendant Brantley violated Plaintiff's right to be free from cruel and unusual punishment. Under Plaintiff's version, the force used by Brantley served no penological purpose whatsoever and was undertaken solely with a malicious intent to harm Plaintiff. This would satisfy the subjective component of his claim. *See Cordell*, 759 F.3d at 585; *Williams v. Curtin*, 631 F.3d 380, 384 (6th Cir. 2011); *Hammond v. Lapeer Cty.*, 133 Fed.Supp.3d 899, 920-22 (E.D. Mich. 2015). Further, under Plaintiff's version of events, he was unnecessarily pushed by Brantley with sufficient force that he slammed into a wall on two occasions, fell to the floor, and injured his elbow, wrists, and stomach, causing both pain and bleeding. This evidence shows more than an inconsequential or trivial injury and could reasonably support a finding that Plaintiff suffered pain that was sufficiently serious to implicate the Eighth Amendment and to satisfy the objective component of his claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010); *Cordell*, 759 F.3d at 586-87. *But see Moody v. Kelly*, 2015 WL 1876207 at *5 (W.D. Tenn. Apr. 23, 2015) (inmate who was jerked and pushed

while handcuffed did not state a constitutional claim given the lack of allegations that he suffered even trivial injuries).

Although there is no objective medical evidence before the Court supporting a conclusion that Plaintiff suffered an injury as a result of Brantley's alleged conduct, the Court must accept as true Plaintiff's testimony that he suffered bleeding from his elbow and wrists and pain to his abdomen as a result of Defendant Brantley's alleged conduct. *Cordell*, 759 F.3d at 587 ("While Cordell's and the prison officials' testimony regarding his injuries differ, we must assume the non-movant's version of events."). Further, the Court must accept as true Plaintiff's assertion that his requests for medical treatment in the aftermath of the alleged assault were ignored and, thus, an explanation exists for why no contemporaneous medical records were created that documented his injuries.

The Court acknowledges that this is a close case. An argument could be made that this case concerns only the type of *de minimis* use of physical force that unfortunately occurs within the prison setting and that does not rise to the level of an Eighth Amendment violation. *See Wilkins*, 559 U.S. 38; *Hudson*, 503 U.S. at 9-10; *Johnson v. Coolman*, 102 Fed.Appx. 460, 461 (6th Cir. 2004). However, such an arguments has not been made by Defendant Brantley, who argues only that the events alleged did not occur. Furthermore, given the genuine factual disputes that exist and the requirement that the Court take as true Plaintiff's allegations when reviewing the pending motions, the Court finds that summary judgment is not warranted in favor of Defendant Brantley.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that:

(1) Plaintiff's motion for summary judgment (Docket Entry Nos. 48 and 64) be DENIED; and,

(2) Defendants' motion for summary judgment (Docket Entry No. 49) be GRANTED with respect to Defendant Kelly Garska because of Plaintiff's failure to exhaust administrative remedies as to the claims against Garska but be DENIED with respect to Defendant Sean Brantley and that the Eighth Amendment claim of excessive force against Defendant Brantley be set for trial.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge