# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| MICHAEL D. ROBINSON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:16-cv-00095 |
|  | ) | CHIEF JUDGE CRENSHAW |
| SEAN BRANTLEY, et al., | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Report and Recommendation (Doc. No. 67) from the Magistrate Judge in this pro se prisoner civil rights action. The Magistrate Judge recommends (1) denying Plaintiff's motion for summary judgment and (2) granting Defendants' motion for summary judgment in part and denying it in part. Defendants timely objected to the recommendation concerning the partial denial of their motion (Doc. No. 68), and Plaintiff filed a reply (Doc. No. 69.) Specifically, Defendants object to the Magistrate Judge's recommendation that summary judgment be denied to Defendant Brantley. Accordingly, the Court has conducted a de novo review of the Magistrate Judge's analysis and conclusion concerning Plaintiff's claim against Brantley.[1]

The Court presumes some familiarity with the background of this case. (See Doc. No. 67 at 1-4, 7-8.) In short, Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Northeast Correctional Complex in Mountain City, Tennessee. He filed this lawsuit seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged

---

[1] The Court concurs with the Magistrate Judge's conclusions regarding Plaintiff's failure to exhaust administrative remedies concerning Defendant Garska. Because this part of the Report and Recommendation has not drawn an objection, the Court will not discuss it further.

to have occurred at the South Central Correctional Center ("SCCC") in Clifton, Tennessee, where he was previously confined. Plaintiff asserts that, on June 22, 2016, he was being escorted from the shower area to his cell by SCCC Correctional Officers Sean Brantley ("Brantley") and Kelly Garska ("Garska") while in handcuffs and a belly-chain. He alleges that Brantley physically assaulted him by throwing him against a wall outside his cell and then shoving him into his cell from behind with such force that he slammed against the wall and fell onto the floor of his cell. Plaintiff alleges that the assault injured his elbow and wrist, caused his elbow to bleed, and exacerbated a pre-existing abdominal injury. Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff's allegations were sufficient to state arguable claims that Brantley and Garska violated Plaintiff's rights under the Eighth Amendment. After pre-trial activity, both sides eventually filed motions for summary judgment.

In addition to his own testimony, Plaintiff submitted the affidavit of inmate Jimmy Mynatt, who in specific detail relates that he witnessed the events at issue from his cell and that he saw Brantley, while returning Plaintiff in "full upper body restraints" from being locked in a shower for several hours for no reason, "jerk" and shove Plaintiff "really hard" into the wall and into his cell. (Doc. No. 64-2.) Plaintiff also submitted an Incident Statement created by Defendant Brantley on July 11, 2016, in response to a grievance about the incident that Plaintiff filed. (Doc. No. 64-3.) In the Incident Statement, Brantley stated that he and Defendant Garska escorted Plaintiff from the shower area to his cell, removed his restraints, and placed him in his cell without incident. (Id.) In his motion and response, Defendant Brantley somewhat briefly argued that there was simply no evidence supporting Plaintiff's allegation. He relied on his own declaration, that of Garska, and those of several other prison officials, as well as the absence of contemporaneous records. (Doc. Nos. 49-1 at 13-15; 66 at 4-6.)

The Magistrate Judge found that "the parties' submissions present starkly contrasting versions of the events at issue." (Doc. No. 67 at 7.) The Magistrate Judge found that genuine issues of material fact exist because Plaintiff's version of the events, which must be taken as true, provides a sufficient basis for a reasonable conclusion that Brantley violated Plaintiff's right to be free from cruel and unusual punishment. The Magistrate Judge noted that this was a "close case" and that a legal argument could have been made that Brantley's actions were *de minimis* force, but that Brantley had chosen to argue nothing occurred *at all*. (Id.)

Brantley's objections are a mere expansion of his summary judgment motion response. Specifically, Brantley continues to contend that Plaintiff has insufficient support for his claims and maintains that "at no time" did Brantley "assault Plaintiff, shove Plaintiff, or use *any* type of physical force on Plaintiff other than properly utilizing the restraints during his escort."[2] (Doc. No. 68 at 7.) Furthermore, Brantley contends that if force had been used, Plaintiff "would" have been given proper medical care and prison staff "would" have completed appropriate documentation. (Id. at 7-8.) In short, Brantley denies that he did anything untoward to Plaintiff or that Plaintiff suffered any injury or any pain. (Id. at 8.) Brantley again relies upon supporting documentation from the prison. (Id. at 7.)

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. Const. amend. VIII. But not every shove or restraint gives rise to a constitutional violation. Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986). On occasion, "[t]he maintenance

---

[2] Curiously, Brantley appears to suggest that because he used *no* force, the force he used should be considered *de minimis*. (Doc. No. 68 at 7.) Aside from making little sense, this is no more than a thinly veiled attempt to shoehorn the question of *de minimis* use of force into this case. This is simply not a case where Brantley has confessed some use of force but is arguing that his actions were *de minimis*; his defense is a complete denial of what he calls "fabricated allegations." (Id.)

of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002) (citing Pelfrey v. Chambers, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); Bailey v. Golladay, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim. Santiago v. Ringle, 734 F.3d 585, 590 (6th Cir. 2013) (citing Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." Williams, 631 F.3d at 383. The Court asks "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" Williams, 631 F.3d at 383 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). This component is "responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by a prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." Hudson, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Id.; Cordell v. McKinney, 759 F.3d 573, 581 (6th Cir. 2014).

First, as to the subjective component, there is no evidence that the alleged use of force – violent treatment upon return from escort and unassociated with any misbehavior – could plausibly have been thought necessary. Griffin v. Hardrick, 604 F.3d 949, 954 (6th Cir. 2010). This conclusion is supported by the fact that Plaintiff claims he was restrained when the assault occurred. Cordell, 759 F.3d at 582. Put simply, according to the evidence adduced by Plaintiff, the force used by Brantley served no penological purpose or good-faith basis, and thus a jury could infer that it was undertaken with a malicious intent to harm. Id. at 585. At the very least, there are obviously disputes of material fact on this point, where the testimony of Plaintiff and his eyewitness is aligned against the flat denials of Brantley and his supporting prison officials.

As to the objective prong, Plaintiff's version of events – which includes claims that the force used by Brantley caused him to be slammed against a wall, to fall to the floor, to hurt his elbow, wrists, and stomach, and to suffer pain and at least some minor bleeding – shows more than an inconsequential injury. The Court cannot say that a reasonable jury would discount these harms as insufficiently serious, particularly given the guidance of the Supreme Court in Wilkins and Hudson that contemporary standards of decency can be violated whether or not significant injury is necessarily evident. See also Hudson, 503 U.S. at 13-14 (Blackmun, J., concurring in judgment) ("The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with 'significant injury,' e.g., injury that requires medical attention or leaves permanent marks"). Nor can the Court say that a reasonable jury could not be persuaded by Plaintiff's version of events in which his medical complaints fell on the deaf ears of Brantley's co-workers. Of course, the presence or absence of serious medical injury, and the related medical treatment and evidence, is not irrelevant to the Eighth Amendment inquiry. Wilkins, 559 U.S. at 37. Because Brantley denies

mistreating Plaintiff *at all,* he will obviously be free to challenge the objective nature of Plaintiff's alleged injury before a jury. But the Court cannot simply discount Plaintiff's claims of injury because Brantley wishes it to do so. Cordell, 759 F.3d at 587 ("While [plaintiff's] and the prison officials' testimony regarding his injuries differ, we must assume the non-movant's version of events.").[3]

The Court agrees with the Magistrate Judge that this is a close case. But, upon de novo review, the Court concludes that the Magistrate Judge reached the proper conclusion – namely, that (1) there are starkly contrasting versions of the events at issue that incorporate both factual questions and credibility determinations, and (2) taking the evidence in the light most favorable to Plaintiff, a reasonable jury could find that Plaintiff's version of events satisfies the criteria for a violation of his Eighth Amendment rights in the prison context.

Accordingly, Defendants' objections (Doc. No. 68) are **OVERRULED**. The Report and Recommendation (Doc. No. 67) is **APPROVED AND ADOPTED**. Plaintiff's Motion for Summary Judgment (Doc. Nos. 48 and 64) is **DENIED**. Defendants' Motion for Summary Judgment (Doc. No. 49) is **GRANTED** as to Defendant Garska, but **DENIED** as to Defendant Brantley. Defendant Garska is **DISMISSED** from this action and the case will proceed to trial against Defendant Brantley.

---

[3] Brantley also cites Scott v. Harris, 550 U.S. 372, 380 (2007), for the principle that: "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott does not control here, for two reasons. First, as discussed above, Plaintiff's version of events is supported by Mynatt. Second, Scott involved videotape evidence that made clear excessive force was not used. Such evidence is notably absent here; Plaintiff's claim is much more reliant on individual testimony and credibility determinations.

Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Levado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993); Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn.1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Montgomery v. Miller, No. 08-2710-STA-dkv, 2008 WL 4853336, at *2 (W.D. Tenn. Nov. 6, 2008) (citing Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989)). Here, the Court has found that Plaintiff has made a threshold showing of merit sufficient to survive summary judgment and proceed to trial. Where Plaintiff was able to conduct these proceedings on his own behalf until this point, the complexity going forward, including the need to capably present and cross-examine witnesses at trial and handle the documentary evidence cited by Brantley in his motion practice, bespeaks the appropriateness of the appointment of counsel. This matter is therefore **RETURNED** to the Magistrate Judge for the appointment of counsel to represent Plaintiff for pre-trial proceedings and trial. After conferring with all parties, the Magistrate Judge shall recommend an appropriate target trial date.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE